SENTELLE, Senior Circuit Judge,
concurring in part and concurring in the judgment:
I reluctantly concur in the result announced in Judge Griffith’s opinion. While this case may not be moot, it is not entirely clear what it is the parties are still litigating about, and I hope that the district court re-examines the mootness question with the benefit of a more full record.
I do not join fully in Judge Griffith’s opinion because I think it opines on matters far beyond the issues before the court, and I do not wish to elevate those opinions to circuit law.
First, footnote 1 of Judge Griffith’s opinion indulges, I think quite gratuitously, in a discussion of the effect of the so-called “Dormant Commerce Clause.” So far as I can tell, no party in this ease relies upon the Dormant Commerce Clause, the Dormant Commerce Clause is not relied upon in the briefs, the Dormant Commerce Clause has nothing to do with the result, and this case has nothing to do with the Dormant Commerce Clause.
Further, I cannot support Judge Griffith’s opinion in its test of “democratic legitimacy” for the minimum contacts necessary to provide due process for taxation. Griffith op. at 648-50. The search for democratic underpinnings for constitutional provisions may be academically interesting, but I find no case in which this court, the Supreme Court, or any other federal court has undertaken that search before affirming the legitimacy of a tax. Because Judge Griffith’s opinion supplies sufficient indicia of minimum contacts without relying on this novel approach, I join the result, indeed I join most of the opinion, but I cannot fully join the elevation to circuit law of a new test for minimum contacts, or of the discussion of the attributes of the “Dormant Commerce Clause.”